UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BILLY LYNN HENDRICKS** | **CIVIL ACTION NO. 07-2087-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Billy Lynn Hendricks, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on November 29, 2007. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, and he challenges his state court conviction. He names Warden N. Burl Cain as respondent.

On November 6, 2003, Petitioner was convicted of one count of second degree murder in the Louisiana First Judicial District Court, Parish of Caddo. On November 13, 2003, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence. The Supreme Court of Louisiana denied writs of review. <u>State v.</u>

Hendricks, 38,945 (La. App. 2d Cir. 9/22/04), 882 So.2d 1212, writ denied, 2004-2833 (La. 3/18/05) 896 So.2d 1000.

In support of his petition, Petitioner alleges the grand jury indictment was invalid. For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

The sufficiency of a state indictment or bill of information is not a matter for federal habeas corpus relief unless it can be shown that the charging instrument "is so defective that the convicting court had no jurisdiction." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988); Dowell v. C.M. Lensing, 805 F.Supp. 1335, 1342-43 (M.D. La. 1992). For a charging instrument to be fatally defective, no circumstances can exist under which a valid conviction could result from facts provable under the instrument. State law is the reference for determining sufficiency and if the issue "is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings." Morlett, supra. See also McKay v. Collins, 12 F.3d 66, 68-69 (5th Cir. 1994).

Petitioner presented his complaints about the charging instrument to the state courts and they found that the instrument was in compliance with state law, so no relief is available on this claim. In an opinion filed November 28, 2006, the state trial court found that the indictment charging Petitioner was valid and denied his application for post-conviction relief [Doc.1-9, pp. 19-20]. The Louisiana Second Circuit Court of Appeal accepted the factual finding of the trial court and denied Petitioner's application for a writ [Doc. 1-10, p. 19]. The

Supreme Court of Louisiana denied Petitioner's application for writs of review from the writ denial in the Louisiana Second Circuit Court of Appeal [Doc. 1-4, p. 2].

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 31st day of January 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE